76 F.3d 385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jackson Chambers DANIELS, Jr., Petitioner,
v.
UNITED STATES DISTRICT COURT FOR the CENTRAL DISTRICT OF
CALIFORNIA, Respondent.
Arthur CALDERON, Warden, San Quentin State Prison; the
Attorney General of the State of California, Real
Parties in Interest.
 No. 94-70295.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1994.
Opinion Filed July 18, 1995.
Opinion Withdrawn Dec. 28, 1995.
Decided Dec. 29, 1995.
 
 Before: FERGUSON, NORRIS, and TROTT, Circuit Judges.
 
 ORDER
 
 1
 The petition for writ of mandamus is GRANTED.
 
 
 2
 The district court clearly erred in interpreting and applying 21 U.S.C. § 848(q)(9) on the basis of a faulty legal premise: that the death sentence is not "different in kind from any other punishment imposed under our system of criminal justice." Gregg v. Georgia, 428 U.S. 153, 188 (1976) (plurality opinion), see also Lewis v. Jeffers, 497 U.S. 764, 774 (1990) (acknowledging the unique nature of the death penalty in our legal system).
 
 
 3
 In its order denying in part Daniels' request for investigatory funds, the district court stated, "[t]he high cost of death penalty cases further suggests that other district courts may be granting funds liberally, in large part, because the petitioner is facing an execution. This district court did not do so; this court based its decision solely on the merits of the information presented to the court. It may well be that the solution to the high cost of death penalty litigation is a reduction in the degree to which courts treat death penalty cases as legally distinct from all others. If the result in the short term, is that more persons are actually executed, that price must be paid."
 
 
 4
 This expression of policy by the district court is not only inappropriate, it disregards the Supreme Court repeated teaching that "death is different." In interpreting the funding statute at issue in this case, the Supreme Court has said, "Congress has recognized that federal habeas corpus has a particularly important role to play in promoting fundamental fairness in the imposition of the death penalty." McFarland v. Scott, 114 S.Ct. 2568, 2574 (1994).
 
 
 5
 Because the district court committed clear legal error in its order denying in part the petitioner's request for funding, see Bauman v. United States Dist. Court, 557 F.2d 650, 654-55 (9th Cir.1977), the order is VACATED and the matter is REMANDED to the district court for reconsideration in light of Bonin v. Calderon, 59 F.3d 815 (9th Cir.1995).